Smith Unemployment Compensation Case.

Argued March 27, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Leonard Michael Propper,* with him *Nathaniel Budin* and *Price & Propper,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Richard H. Wagner,* Associate Counsel and *T. McKeen Chidsey,* Attorney General, for appellee.

*McNees, Wallace & Nurick,* for Scott Bros. Inc., intervenor appellee.

OPINION BY ROSS, J., July 20, 1950:

This is an unemployment compensation case in which the claimant has appealed from a decision of the Unemployment Compensation Board of Review disallowing compensation. The board found that the claimant had left his employment without good cause within the meaning of section 402(b) of the Unemployment Compensation Law as amended, 43 PS 802(b), and he took this appeal.

The claimant, employed as a truck driver by Scott Brothers, Inc., of Philadelphia, left his employment on or about November 29, 1948, to campaign for election as business agent of his union. He remained away from his work until December 18, 1948, and upon his return was told that there would be no work for him until he furnished proof that he had been absent from work for a reason satisfactory to his employer. Such reason was not given—or attempted to be given—by the claimant and on December 29, 1948, he filed his claim for unemployment compensation benefits.

The claimant does not contend that to leave employment for the purpose of campaigning for a union office is leaving the employment with "good cause". He contends, however, that on November 29, 1948, he was granted a leave of absence and that he returned to his work at the expiration of the leave. Consequently, the only issue involved in the case is the factual one: Was the claimant granted a leave of absence?

The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the board. Our duty is performed by studying the testimony in the light most favorable to the party in whose favor the board has found, giving that party the benefit of every inference which can be logically and reasonably drawn from it. *Stillman Unemployment Compensation Case*, 161 Pa. Superior Ct.

569, 575, 56 A. 2d 380; *Tronieri Unemployment Compensation Case*, 164 Pa. Superior Ct. 435, 65 A. 2d 426; *Devlin Unemployment Compensation Case*, 165 Pa. Superior Ct. 153, 67 A. 2d 639.

The claimant had the usual burden of proving that he is entitled to benefits. The testimony in the case would support a finding either way but the board found that "he was not granted a leave of absence", and our examination of the record discloses that the board's findings of fact are consistent with each other and its conclusions of law and its order and can be sustained without a capricious disregard of the competent evidence. Consequently, the board's finding is conclusive. *Lavely Unemployment Compensation Case*, 163 Pa. Superior Ct. 66, 67, 60 A. 2d 352.

Decision affirmed.