## Bonenberger Unemployment Compensation Case.

Argued September 28, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*W. J. Krencewicz,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Roland M. Morgan,* Associate Counsel, and *Charles J. Margiotti,* Attorney General, for appellee.

OPINION BY RHODES, P. J., November 15, 1950:

This is an unemployment compensation case in which the bureau, the referee, and the Unemployment

Compensation Board of Review disallowed compensation. The claimant has appealed from the decision of the Board.

The claimant was employed as a sewing machine operator by M. Janowitch & Sons, Mahanoy City, Pennsylvania. On October 28, 1949, she ceased her employment with that company to act as a housekeeper for a party in Elizabeth, New Jersey, where, being dissatisfied with her working conditions, she remained less than a day.

The Board found that claimant had voluntarily terminated her employment with M. Janowitch & Sons on October 28, 1949, and that she was disqualified under the provisions of section 402 (b) of the Unemployment Compensation Law of December 5, 1936, P.L. (1937) 2897, §402, as amended by the Act of June 30, 1947, P.L. 1186, §2, 43 PS §802 (b).

Section 402 (b) provides that an employe shall be ineligible for compensation for any week in which his or her unemployment is due to voluntarily leaving work without good cause.

Claimant contends that the findings of the Board are unjustifiable and are not supported by the testimony in the record, and that claimant did not voluntarily terminate her employment, but upon returning to work, after leave of absence, was informed that there was no work available.

Claimant asserts that she was given leave of absence by her employer, M. Janowitch & Sons, in order that she might take the housekeeping position as a trial effort.

The factual issue that claimant had been granted a leave of absence has been resolved against claimant. See *Smith Unemployment Compensation Case,* 167 Pa. Superior Ct. 242, 74 A. 2d 523. It is true that claimant testified: "Q. From whom did you obtain a leave of

absence? A. Mrs. Herman [an employe of M. Janowitch & Sons]. . . . I told Mrs. Herman I was going to take a while off, going to try this other job in New Jersey." This testimony was given on a rehearing before the referee. At the first hearing before the referee she testified: "Q. Why didn't you ask for a leave of absence for a week or ten days to try the job in New Jersey before you quit or made up your mind to leave your job and go to New Jersey? Then, if the job didn't materialize you could come back. You gave short notice and left? A. I didn't think I was doing harm. At that time being there were so many girls being laid off, you didn't know from day to day. You would go out and maybe you would be home at ten o'clock. Q. Primarily you left to take a job in New Jersey? A. Yes sir." In her appeal from the bureau's decision claimant set forth that, "I quit my job, but I really should have asked for time off. I thought I was bettering myself at the time to accept this other job."

Claimant's testimony to the effect that she was granted a leave of absence or that the state of her health was the reason for leaving M. Janowitch & Sons was obviously not believed by the Board. Claimant's testimony was contradictory. The Board accepted, as it had the right to do, the testimony to the effect that she voluntarily terminated her employment with M. Janowitch & Sons, and that there was no good cause for so doing. The testimony clearly supports such finding and conclusion of the Board. See *Smith Unemployment Compensation Case,* supra, 167 Pa. Superior Ct. 242, 74 A. 2d 523; *Tronieri Unemployment Compensation Case,* 164 Pa. Superior Ct. 435, 65 A. 2d 426; *Blum Unemployment Compensation Case,* 163 Pa. Superior Ct. 271, 274, 60 A. 2d 568; *Hall Unemployment Compensation Case,* 160 Pa. Superior Ct. 65, 49 A. 2d 872.

Decision of the Board is affirmed.