## Naugle Unemployment Compensation Case.

*Mae J. Naugle,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., March 22, 1961:

In this unemployment compensation case the Bureau of Employment Security, the Referee and the Unemployment Compensation Board of Review, all found that the claimant, Mae J. Naugle, voluntarily terminated her employment without cause of a necessitous and compelling reason and so was disqualified from receiving benefits by virtue of the provisions of §402(b)(1) of the law, 43 PS §802(b)(1).

The claimant was last employed on February 17, 1960, at an annual salary of $4063, as a civilian clerk-typist by the United States Air Force, Olmstead Air Force Base, Middletown, Pennsylvania. The Federal

agency with which the claimant was employed notified the Pennsylvania Unemployment authorities that the reason for the claimant's separation from employment was: "Resignation—to make preparations for overseas assignment particularly with respect to disposal of property." Under the Commonwealth's agreement with the Federal Government, the findings of the Federal Employment Agency with respect to the reasons for the termination of the claimant's service with that agency is binding upon the Unemployment Compensation Board of Review. Title XV of the Social Security Act, as amended, Public Law 767, §1502(c), 42 U.S.C.A., §§1362 and 1507(a), 43 U.S.C.A., §1367.

But in addition to these findings her testimony before the referee was clearly to the effect that she resigned from her job so that she would be free to accept an overseas assignment if and when such offer materialized. She had formerly worked on overseas assignments and was anxious to return to that type of work. She also indicated she wanted to be free of employment so that she could dispose of her real estate before she obtained the overseas assignment. She also testified that she could have continued on her job and that her work was continuously available.

The only question at issue, on this appeal, is whether her resignation was due to a "necessitous" and "compelling" cause as required by the law. The burden of showing such circumstances as to justify the voluntary resignation was upon the claimant. *Smith Unemployment Compensation Case,* 167 Pa. Superior Ct. 242, 74 A. 2d 523 (1950). The reason must meet the test of ordinary common sense. *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801 (1949), and must be "real not imaginary, substantial not trifling, reasonable not whimsical." *Sturdevant Unemployment Compensation*

*Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898 (1946);
*Goldstein Unemployment Compensation Case,* 181 Pa.
Superior Ct. 255, 124 A. 2d 401 (1956).

This record clearly supports the conclusion of the
unemployment compensation authorities denying bene-
fits in that the personal reasons of the claimant want-
ing to be free of her present employment so as to ac-
cept possible future employment and to have the time
to dispose of her real estate were devoid of the ur-
gency and compulsion necessary to support proof of
"necessitous and compelling" cause so as to transform
what is patently a voluntary separation into involun-
tary unemployment within the meaning of the law.
*Cupo Unemployment Compensation Case,* 187 Pa. Su-
perior Ct. 285, 144 A. 2d 620 (1958).

Decision affirmed.