## Martin Unemployment Compensation Case.

Argued March 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John C. Dowling,* with him *Huette F. Dowling,* and *Dowling and Dowling,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., March 21, 1962:

This is an unemployment compensation case in which the Bureau of Employment Security concluded the claimant was guilty of willful misconduct and disqualified for benefits under the provisions of §402(e) of the law, 43 PS §802(e). The Referee reversed the Bureau and allowed benefits. The Unemployment Compensation Board of Review reversed the Referee and disqualified the claimant under the provisions of §402(b)(1) of the law, 43 PS §802(b)(1), on the ground that he voluntarily terminated his employment without cause of a necessitous and compelling nature.

The claimant, Harry E. Martin, was last employed by G. R. Kinney Corporation, Shiremanstown, Pennsylvania, as a maintenance man or watchman on April 24, 1961. Between Friday, April 21, 1961 and Monday, April 24, 1961, 185 pairs of shoes were taken from the employer's premises. A number of employes, including the claimant, were questioned concerning the disappearance of the shoes. The claimant denied any knowledge of the theft, became very indignant and belligerent in his manner and language. The employer then told him he was free to leave the meeting. He left the meeting and the employer's plant without punching out and never returned thereafter. He contends that instead of being told to leave he was discharged.

Although at one point in the record the statement appears, on behalf of the employer, that the claimant had been discharged, there is also competent testimony,

on behalf of the employer, to support the board's finding that "the employer told claimant he was free to leave the meeting, claimant left the employer's plant without punching out and thereafter did not return to work." This finding is binding on this Court. The reconciling of inconsistencies and conflicts in the testimony, the credibility of the witnesses, the weight of their testimony and the reasonable inferences to be drawn from the evidence are for the board. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955).

The only question that remains to be decided in this case is whether he left his employment in the middle of his shift, without punching out, because of a "necessitous" and "compelling" cause under the law for terminating his employment. The reason must meet the test of ordinary common sense and prudence. *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801 (1949). The burden of showing such circumstances to justify the voluntary leaving of work was upon the claimant. *Smith Unemployment Compensation Case,* 167 Pa. Superior Ct. 242, 74 A. 2d 523 (1950).

The claimant upon being questioned concerning the theft of shoes said, "I am not going to take any more of this crap." The employer's inquiry concerning the missing merchandise of the watchmen responsible for the safety of the building and its contents was a reasonable exercise of its right as an employer, especially as concerns the claimant, in view of certain testimony of a fellow employe that he was in an area from which the shoes disappeared and where he was not supposed to be and that he had filled a box with shoes and was dragging it to the door. He was not accused of the theft by his employer and although his righteous indignation is understandable, if innocent as he claims, it should have been exercised most strongly against this

fellow employe instead of the employer. We agree with the Board that his emotional upset, because of the questioning, does not constitute the cause of a necessitous and compelling nature required by the law. *Mikanowicz Unemployment Compensation Case*, 178 Pa. Superior Ct. 612, 115 A. 2d 846 (1955).

Decision affirmed.