Domico Unemployment Compensation Case.

Argued April 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

328

*Theodore A. Tenor,* for appellant, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., June 13, 1962:

This is an unemployment compensation case in which the Bureau of Employment Security, the Referee, and the Unemployment Compensation Board of Review, all concluded that the claimant was disqualified for benefits under the provisions of §402(b)(1) of the law, 43 PS §802(b)(1), on the ground that he voluntarily terminated his employment without cause of a necessitous and compelling nature.

The claimant, James Domico, was last employed by C. C. Street, Pittsburgh, Pennsylvania, as custodian and maintenance man, on August 31, 1961. During his employment the claimant's wife assisted him with some duties, although she was not hired to do any part of the job. The claimant terminated his employment, after he and his wife separated, because he felt he could not do the work alone, despite the fact he could have continued in said employment.

Continuing employment was available to this claimant and the burden rested on him to show cause of a necessitous and compelling nature for voluntarily terminating his employment. *Smith Unemployment Compensation Case,* 167 Pa. Superior Ct. 242, 74 A. 2d 523 (1950). The reason must meet the test of ordinary common sense and prudence. *Kaylock Unemployment*

*Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801 (1949). The fact that his wife who helped him with his work, but who had no employment relationship, left him, does not constitute such a reason. *Martin Unemployment Compensation Case,* 197 Pa. Superior Ct. 424, 178 A. 2d 825 (1962).

The board could equally as well have justified its determination under §402(b)(2) of the law, 43 PS §802(b)(2), because his unemployment was, in fact, due to the separation from his wife, constituting a domestic circumstance specifically excluded as such reason. *Buchko Unemployment Compensation Case,* 196 Pa. Superior Ct. 559, 175 A. 2d 914 (1961); *Dawkins Unemployment Compensation Case,* 197 Pa. Superior Ct. 427, 178 A. 2d 775 (1962).

Decision affirmed.