Diller Unemployment Compensation Case.

236

Argued December 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Thomas J. MacBride,* with him *Ullman, MacBride & Painter,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., March 19, 1963:

The appellant in this unemployment compensation case was denied benefits by the bureau, referee and board.

She and her husband were employed in Lititz. They had previously lived in Waynesboro, where the claimant owned a house. The tenants in the claimant's house "moved out and skipped rent," so the claimant and her husband left their employment and returned to Waynesboro, where the husband worked on the claimant's house and subsequently became employed. The claimant says she left her employment to follow her husband who voluntarily left his employment to look after *her* property in Waynesboro. It is evident,

of course, that they both voluntarily left their employment in Lititz so that they could return to Waynesboro which the claimant said, "had been our home all our lives."

The unemployment compensation authorities held that the claimant was disqualified under §402(b)(2) of the Unemployment Compensation Law, as amended. 43 P.S. §802(b)(2). This subsection disqualifies for benefits any employe whose unemployment is due to leaving work to accompany her spouse in a new locality: "Provided, however, That the provisions of this subsection (2) shall not be applicable if the employe during a substantial part of the six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his or her family, . . ."

The claimant contends that including the rent from her real estate[1] and other income, she had more income than her husband and was, therefore, the major support of her family. It is our opinion that the legislature intended this provision to relate to "support" by wages, and not by investments, or other income. There was evidence from which the board could find that the claimant earned less than her husband, and was ineligible for benefits under §402(b)(2) of the Unemployment Compensation Law. She testified that she made $75 a week and her husband made $85 a week, and in the year 1961 the reports showed his wages to have been over $600 in excess of her wages. There is doubt concerning the exact income to be allocated to the last six months prior to their leaving their employment, but after it is established that the claimant left work to accompany her spouse in a new location, the

---

[1] Her claim of $483 "net" rent from real estate during the last six months of her employment does not take into consideration taxes, insurance, repairs or depreciation.

burden of placing herself within the proviso of §402-(b)(2) is upon her. See *Naugle Unemployment Compensation Case,* 194 Pa. Superior Ct. 420, 168 A. 2d 783 (1961). Whether the evidence concerning earnings brought her within the proviso is a question of fact for the board. See *Cochran Unemployment Compensation Case,* 197 Pa. Superior Ct. 149, 177 A. 2d 26 (1962).

"Where the decision of the board is against the claimant, the question for us is whether the board's findings of fact are consistent with each other and with its conclusion of law and its order, and whether the decision can be sustained without a capricious disregard of the competent evidence. Tronieri Unemployment Compensation Case, 164 Pa. Superior Ct. 435, 436, 65 A. 2d 426 (1949);" *Mettetal Unemployment Compensation Case,* 187 Pa. Superior Ct. 291, 293, 144 A. 2d 586 (1958).

The board could have disqualified the claimant under §402(b)(1) which provides that "An employe shall be ineligible for compensation for any week—(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . ." See *Domico Unemployment Compensation Case,* 198 Pa. Superior Ct. 327, 181 A. 2d 731 (1962); *Naugle Unemployment Compensation Case,* 194 Pa. Superior Ct. 420, 168 A. 2d 783 (1961). It is evident here that both the claimant and her husband quit their employment because they wished to return to their relatives and friends and reside in a community where the claimant owned real estate. This was not a cause of necessitous and compelling nature for them to voluntarily leave available employment. The ineligibility created by voluntarily leaving their employment without good cause applies to both of them, and one of them cannot remove the ineligibility imposed by such voluntarily leaving on the theory that he or she is following

his or her spouse, but is not disqualified thereby because he or she earned more than the spouse.

Decision affirmed.

