Opinion by
Rhodes, P. J.,
In this unemployment compensation ease benefits were denied claimant under section 402(b) (1) of tbe Unemployment Compensation Law, as amended, 43 PS §802 (b) (1), for the reason that his unemployment was due to his voluntarily leaving work without cause of a necessitous and compelling nature.
The bureau, the referee, and the board denied benefits under section 402(b) (1).
Claimant was employed by Sweeney’s Restaurant, Belle Yernon, as a bartender, earning $67.50 per week for nine years. His last day of work was July 13, 1960. Claimant became dissatisfied with his work because the man hired to work with him at the bar was inexperienced. When the employer complained about reports that customers were walking out because they had not been waited on promptly, claimant quit his job. At the hearing claimant also stated that his employers had slot machines and he did not “feel like working with slot machines.”
Continuous employment was available to claimant, and the burden rests upon him to show cause of a necessitous and compelling nature for voluntarily terminating his employment. Domico Unemployment Compensation Case, 198 Pa. Superior Ct. 327, 328, 181 A. 2d 731.
*168 The claimant’s reason for leaving cannot be considered a cause of a necessitous and compelling nature. It appears that the primary reason for leaving was his dissatisfaction with his helper. The fact that the establishment may have had slot machines was not the reason for claimant’s quitting his job.
Our review of the testimony indicates that the board’s findings are fully supported by the evidence and show claimant’s disqualification under section 402(b) (1) of the Law.
The decision is affirmed.