Opinion by
Rhodes, P. J.,
In this unemployment compensation case benefits Avere denied claimant under section 402(b) (1) of the Unemployment Compensation Law, as amended, 43 PS §802(b) (1), on the basis that his unemployment was due to his voluntarily leaving work without a necessitous and compelling reason.
The bureau and the referee awarded benefits on. the ground that claimant had a necessitous and compelling reason for leaving his employment. On appeal the board reversed the referee and denied benefits under section 402 (b) (1).
At the beginning of 1961, claimant was employed by Sill and Bergamasco in the construction of a restaurant in Doylestown, in the operation of which Sill and Bergamasco were affiliated.' In May, 1961, claim *187 ant began to work as a short order cook in the restaurant. On March 27, 1962, the employers discussed with claimant his duties and the fact that they were not completely satisfied with the job he Was" doing. On March 30, 1962, claimant terminated his employment because he was dissatisfied with the duties he had to perform as a kitchen worker. Claimant then returned to the Pittsburgh area to live. ■
Continuous employment was available to claimant, and the burden rested upon him to shoAV cáuse óf á necessitous and compelling nature for voluntarily terminating his employment. Domico Unemployment Compensation Case, 198 Pa. Superior Ct. 327, 328, 181 A. 2d 731.
The reason for leaving the employment must meet the test of ordinary common sense, and must be real not imaginary, substantial not trifling, and reasonable not whimsical. Naugle Unemployment Compensation Case, 194 Pa. Superior Ct. 420, 422, 168 A. 2d 783.
Claimant worked over eleven months in the kitchen of the restaurant where continuous employment Wah available. Claimant contends that he was hiréd as a construction worker, and that he was unable to perform the duties of a cook. The employer’s testimony conflicted. Thus factual questions were raised..
The credibility of the witnesses is a matter for the board. Ristis Unemployment Compensation Case, 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271. The board’s findings of fact, if supported by the evidence, are conclusive. Progress Manufacturing Company, Inc., v. Unemployment Compensation Board of Review, 406 Pa. 163, 176 A. 2d 632.
Our review of the evidence indicates that - the board’s findings are fully supported by the - evidence and show claimant’s -disqualification under section 402(b) (1) of the Law.
The decision is affirmed.