Hubert Knox, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 8, 1974, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Michael E. Christiansen,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, March 28, 1974:

This is an appeal filed by Hubert Knox (Knox) from an order of the Unemployment Compensation Board of Review (Board) dated June 29, 1973, in which the Board disallowed an appeal from its referee's adjudication denying unemployment compensation benefits to Knox.

Knox was employed by the Pittsburgh Office Furniture Company as a laborer for approximately one year until the last day of his employment on December 4, 1972. The record indicates that Knox believed that his work was causing him to become nervous and subject to hypertension. Knox testified that he did not request lighter duties or different work, and that he was not advised by his doctor to leave his work because of his condition. Knox stated for the record that he became nervous when his employer scolded him for mistakes made on the job. In any event, on his last day of employment Knox returned from lunch and voluntarily "quit," telling his employer that he could not "take it anymore."

The referee found that Knox voluntarily terminated his employment, and concluded that he was ineligible for compensation because he left his work without cause of necessitous and compelling nature. As we have said so many times, when an individual voluntarily terminates his work and then applies for unemployment compensation benefits, he assumes the burden of showing that his termination was with cause of a necessitous and compelling nature, e.g., *see Tollari v. Commonwealth Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 589, 309 A. 2d 833 (1973). However, it is true that illness of a claimant may constitute good cause for leaving employment within the

meaning of Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(b). *See Tollari, supra.* Section 402(b)(1) reads in pertinent part as follows:

"An employe shall be ineligible for compensation for any week—

. . . .

"(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act: . . . ." This record indicates that Knox quit his job primarily because he was dissatisfied with work conditions. Such a reason for quitting does not constitute the required necessitous and compelling reason which would permit the Board to grant unemployment compensation benefits. *See White Unemployment Compensation Case,* 202 Pa. Superior Ct. 185, 195 A. 2d 823 (1963). We have carefully reviewed this very short record and conclude that there is sufficient substantial evidence to support the conclusion of the referee and the Board that Knox did not meet his burden of proving that his voluntary termination of his work was due to a cause of a necessitous and compelling nature.

Knox's principle contention in his appeal to this Court is that he was deprived of due process of law because he was unrepresented by counsel at the hearing before the referee and the referee failed to counsel him on how to prove his case. Knox contends that at the hearing he had in his possession a letter written by a physician two months after Knox's last day of work.[1]

---

[1] A copy of the letter was attached to Knox's brief by his counsel on appeal to this Court. Although not proper evidence, we note that the letter states that the physician treated Knox on September 15, 1972 for what appeared to be a "bleeding Duodenal Ulcer." The letter also states that Knox appeared (on September 15, 1972) to

Knox argues that the referee somehow should have interrogated Knox at the hearing to determine whether Knox had any such medical evidence.

This Court is well aware of the requirement that due process of law must be afforded in all administrative agency hearings. *See Brookwood Farms v. Milk Marketing Board*, 8 Pa. Commonwealth Ct. 511, 304 A. 2d 510 (1973). This Court has remanded or reversed where a citizen has not been afforded all of his due process rights. *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973); *Cerceo v. Darby*, 3 Pa. Commonwealth Ct. 174, 281 A. 2d 251 (1971). If the record made in this case would show in any way that the referee had improperly refused to accept relevant competent and material evidence, then we would have to agree that Knox was deprived of due process of law. However, there is no such showing in the record. The facts in this case are similar to those in *Paoloco v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 214, 309 A. 2d 594 (1973). In *Paoloco*, the claimant was not represented by counsel before the referee and on appeal she argued that she had been deprived of due process because the referee had failed to advise her of various rights. In considering Paoloco's due process argument, this Court stated: "Although it might have been preferable if the referee had so advised an unrepresented claimant, we cannot say that he is required to give such advice. As our Superior Court has said: 'Ordinarily it is not incumbent upon the referee to inquire why the parties are not represented by counsel, nor is it his duty to

_____

be nervous and apprehensive. However, the letter concludes with the statement that the physician believed that Knox was able to work. Certainly this letter does not support Knox's claim that he could not work for health reasons.

advise them that they are entitled to counsel. The parties testified at length and were not hampered in any way from testifying freely and as they desired. No further hearings were requested by appellant to present additional or new testimony. After reviewing the record, we feel that a fair hearing was conducted by the referee.' Hackey Unemployment Compensation Case, 194 Pa. Superior Ct. 79, 81-82, 166 A. 2d 303, 305 (1960). It is true, of course, that the referee may not deny the above stated rights to claimant, if claimed, but there is no evidence of such claim or denial thereof in the record here. Cf. Klink v. Unemployment Compensation Board of Review, 5 Pa. Commonwealth Ct. 62, 289 A. 2d 494 (1972)." 10 Pa. Commonwealth Ct. at 216-217, 309 A. 2d at 596.

Knox fails to point out either a specific deprivation of rights or an unfairness permeating the hearing so as to strike at the conscience. There is nothing in the record which would permit us to conclude that Knox was deprived of any of his rights under the law. Our reading of the record permits us to conclude that the referee carried out all of his duties required by the Board's rules imposing duties to assist an unrepresented claimant, and further that Knox was provided with a fair hearing in which all his rights were protected.

We therefore

ORDER

AND Now, this 28th day of March, 1974, it is ordered that the appeal of Hubert Knox is hereby dismissed, and the Order of the Unemployment Compensation Board of Review is hereby affirmed.