Jack Spinner, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued April 9, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Marjorie A. Janoski,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, June 1, 1976:

This is an appeal by Jack Spinner from an order of the Unemployment Compensation Board of Review affirming a decision by a referee denying Spinner unemployment benefits on the ground that he voluntarily terminated his employment, a ground for disqualification by Section 402(b)(1) of the Unemployment Compensation Law.[1]

Claimant had been employed for 25 years as a mechanic and gas station attendant. When claimant arrived for work on Saturday, March 29, 1975, he informed his employer of his intention to leave work at noon that day in order to travel to North Carolina to visit a son who was ill. A dispute between the claimant and his employer ensued, the employer insisting that claimant should work a full day. Claimant, in fact, left work at noon and failed to report for work as scheduled on Monday, March 31, 1975. On Tuesday the claimant reported for work but after another dispute with his employer, apparently concerning Saturday work, took his tools and left. The issue is whether Mr. Spinner quit or was discharged.

The claimant's sole contention on this appeal is that he was denied a fair hearing before the referee. It seems that he appeared at the referee's hearing without counsel but accompanied by a witness, Josephine Johnson, prepared to testify in his behalf. Spinner says that his employer objected to his witness' testifying and that the referee advised Spinner that he did not need the wit-

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §802(b)(1).

ness' testimony. The record shows that only the claimant and the employer testified.

In *Knox v. Commonwealth,* 12 Pa. Commonwealth Ct. 588, 317 A.2d 60 (1973), we said:

> "If the record made in this case would show in any way that the referee had improperly refused to accept relevant competent and material evidence, then we would have to agree that Knox was deprived of due process of law." 12 Pa. Commonwealth Ct. at 591, 317 A.2d at 62.

While we hesitate to act upon representations concerning unrecorded events at the hearing, we feel compelled to remand this matter for the limited purpose of taking the testimony of the witness allegedly excluded, and any rebuttal thereof. The Board's brief does not question the factual accuracy of Spinner's account of what happened at the hearing and relies solely on a pre-argument denial by a Judge of this Court of the prayer of claimant's petition to remand. At argument before the panel, counsel for the Board did not object to a suggestion from the Court that a remand seemed, in the interest of justice, to be indicated.

Therefore, we enter the following:

### ORDER

AND NOW, this 1st day of June, 1976, the order of the Unemployment Compensation Board of Review is vacated and the record remanded for further hearing solely for the purpose of adducing the testimony of Josephine Johnson and any rebuttal thereof offered by the employer.

Judge Kramer did not participate in the decision in this case.