Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Clinton E. Hoffer, Jr., Appellant.

Argued February 6, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Arnold Laikin,* with him *H. David Spirt,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Blatt, June 21, 1976:

Clinton E. Hoffer, Jr. (claimant) has filed this appeal from a decision of the Unemployment Compensation Board of Review (Board), dated June 24, 1975, which affirmed a referee's denial of unemployment compensation benefits, holding that, because of his willful misconduct he was barred from benefits by the provisions of Section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e). The sole issue raised is whether or not the claimant's appeal was afforded a full and fair determination by the Board.

The Bureau of Employment Security (Bureau) had granted benefits to the claimant and it was on the employer's appeal to the Board that the case was assigned to a referee, who held a hearing on December 20, 1975. Notice of this hearing was sent to the claimant's correct address but he failed to appear, and the referee, after receiving testimony only from the employer, reversed the Bureau and denied benefits.[2] The claimant then

---

[1] The Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

[2] We have examined the record and note that the employer carried his burden of showing that the claimant's discharge was for willful misconduct. This determination was made, however, without any evidence or testimony on behalf of the claimant.

appealed to the Board and the case was remanded to the referee as a hearing officer[3] for the purpose of obtaining testimony from the claimant. The claimant appeared at a hearing on April 25, 1975[4] and testified that he had submitted his evidence by letter to the Board and that he would stand on that testimony. He said: "I wish to state that I have spoken to Mrs. Ann Reeser[5] in Harrisburg, written her a letter which I understand the information and the testimony was mailed back here for a decision. That's it. I don't have anything else to add. I already gave her, you know, all the information. I don't have any new testimony in other words. She said it was all transcribed and (inaudible) up already. That was quite a while ago."[6] (Footnote ours.) The referee asked the claimant whether or not he had any *additional* testimony to present and the claimant replied that he had already made a statement. Thereupon, the record was closed. The letter to which the claimant referred is not in the record, nor is there any evidence as to whether or not it was received. Unquestionably, it was not considered by the referee acting as hearing officer or by the Board.

---

[3] Upon appeal, if the Board determines that additional evidence is necessary, it ordinarily remands the case to a referee who serves then as hearing officer for the Board, receives such additional evidence as may be necessary to a proper determination and submits the complete record for the Board's consideration. Here, the hearing officer was the same referee who had originally decided the case.

[4] The Claimant failed to appear at the first remand hearing scheduled on April 9, 1975, although apparently as the result of some excusable confusion, this second hearing was then scheduled for April 25, 1975.

[5] Ms. Ann E. Reeser is, in fact, Secretary to the Board.

[6] Page 3 of the notes of testimony from the hearing held on April 25, 1975.

In *Knox v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 588, 591-592, 371 A.2d 60, 62-63 (1974) we held that

"[i]f the record made in this case would show in any way that the referee had improperly refused to accept relevant competent and material evidence, then we would have to agree that Knox was deprived of due process of law. However, there is no such showing in the record.

"Knox fails to point out either a specific deprivation of rights or an unfairness permeating the hearing so as to strike at the conscience. There is nothing in the record which would permit us to conclude that Knox was deprived of any of his rights under the law. Our reading of the record permits us to conclude that the referee carried out all of his duties required by the Board's rules imposing duties to assist an unrepresented claimant, and further that Knox was provided with a fair hearing in which all his rights were protected."

The record here does not indicate that the hearing officer "improperly refused to accept relevant competent and material evidence," but we believe that, as a matter of fundamental fairness, this case should be remanded to the Board for the purpose of obtaining testimony from the claimant as to the contents of the letter which he obviously thought explained his case and which he said had been sent to the Secretary of the Board. The record seems clearly to indicate a very real gap in communications between the claimant and the referee and we believe that this created an unfairness which permeated the entire proceeding. The referee as hearing officer asked the claimant here "[y]ou are absolutely certain that you have no *additional testimony* that you wish to provide at this hearing"[7] (emphasis added) and the claimant responded

---

[7] See footnote 6.

"[n]o sir. *I've already made a statement.*" (Emphasis added.) We emphasize this excerpt from the testimony to indicate the obvious belief of the claimant that his testimony, as contained in his letter, was in the record and would receive Board consideration. By asking the claimant whether or not he had any *additional* evidence to present, the hearing officer-referee may have inadvertently misled the claimant into believing that there was some evidence, *i.e.*, the letter, already in the record. Yet clearly this was not the case. We believe that the hearing officer should have indicated specifically to the claimant that the letter was not available for consideration so that he would have then been able and willing to testify personally on the record as to whatever evidence he had.

The rules of practice and procedure which govern proceedings before the Board contain the following provision:

"§101.21. Conduct of Hearings.

"(a) In any hearing the tribunal may examine the parties and their witnesses. *Where a party is not represented by counsel* the tribunal before whom the hearing is being held *should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.*"[8] (Emphasis added.)

We feel that the spirit of this rule was not followed here and that the claimant, therefore, did not receive a full and fair determination of his appeal. He believed that his evidence had been received for the Board's consideration, yet neither the hearing officer-referee nor the Board corrected this mistaken presumption. We, therefore, issue the following

---

[8] Title 34, Pennsylvania Code, Section 101.21.

#### ORDER

AND Now, this 21st day of June, 1976, the appeal of Clinton E. Hoffer from the decision of the Unemployment Compensation Board of Review, dated June 24, 1975, is hereby sustained and this matter shall be remanded to the Board for action and determination consistent with this opinion.

Judge KRAMER did not participate in the decision in this case.