Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Alfred Tumolo, Appellant.

Argued February 6, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Richard P. Perna,* with him *Thomas G. Linsley,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, June 22, 1976:

Alfred Tumolo (claimant) has filed this appeal from a decision of the Unemployment Compensation Board of Review (Board), dated July 10, 1975, which affirmed the referee's denial of unemployment compensation benefits. The claimant was held guilty of willful misconduct and so ineligible for benefits under Section 402(e) of the Unemployment Compensation Law.[1]

The Board made the following "Findings of Fact":

"1. Claimant was last employed as a Respiratory Therapy Technician by the Methodist Hospital at a final rate of $3.50 an hour and his last day of work was December 19, 1974.

"2. On December 10, 1974, during a discussion with the Patient Transfer Manager concerning a patient, the claimant made the remark that 'I don't cater to no G-- d--- patient.'

"3. While the particular patient under discussion was not in their vicinity at the time, other patients were there, within 15 to 20 feet from the claimant, and it was possible for them to have heard the remark.

"4. As a result of this remark, the claimant was discharged on December 19, 1974.

---

[1] Section 402(e) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), provides, *inter alia,* as follows:

"An employe shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

"5. The Director of Respiratory Therapy, claimant's superior, had received complaints in the past from patients about the treatment they received from the claimant, and the claimant had been warned about his conduct and lack of courtesy to patients."

In willful misconduct cases, the burden of establishing the claimant's ineligibility is placed upon the employer, and our scope of review is limited to questions of law and to a determination of whether or not the findings of the Board are supported by substantial evidence. The question as to whether or not a claimant's conduct constituted willful misconduct is, of course, one of law and subject to our review. *Unemployment Compensation Board of Review v. Walton,* 21 Pa. Commonwealth Ct. 47, 343 A.2d 70 (1975); *Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975). We have previously held that: " 'Misconduct within the meaning of an unemployment compensation act excluding from its benefit an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employe or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or the employe's duties and obligations to the employer.' " *Chambers v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 317, 319, 318 A.2d 422, 423 (1975). (Citations omitted.)

The Board here concluded that: "In the instant case the claimant made a remark which was, at the very least, disrespectful of patients, and it was the claimant's responsibility as a Respiratory Therapy Technician to care for these patients. Under these

circumstances, the remark was clearly indicative of an intentional disregard of the employe's duties and obligations to his employer, and as such, constitutes willful misconduct in connection with his work.''

The Board's findings accurately reflect the incident which resulted in the claimant's discharge, and, although the claimant asserted that he had adequately performed his duties at all times, a careful review of the complete record indicates that his employer clearly had adequate grounds for discharging him. While conduct which justifies a discharge does not necessarily constitute willful misconduct,[2] the Board determined that what the claimant did here was, in fact, willful misconduct. Three supervisors[3] testified on behalf of the employer. When asked whether or not, in view of the claimant's statement, they could ever entrust the care of any patient to the claimant, the record shows that they answered as follows:

''No, I really wouldn't want to.''

''I most certainly would not.''

''I would be hesitant, very hesitant.''[4]

Clearly a hospital must be very careful that its employes have the proper respect for patients and are able thereby to fulfill completely their medical responsibilities to those patients. The claimant's statement here clearly evidenced an indifference to these duties and a disregard for the hospital's interests as well.

The claimant asserts that the Board's findings of fact are not supported by substantial evidence and

---

[2] *Neumeyer Unemployment Compensation Case*, 187 Pa. Superior Ct. 321, 144 A.2d 606 (1958).

[3] Carol Gallagher, Director of Nursing Care, Arthur England, Manager of Patient Transport and Vernon Livingston, Technical Director of Respiratory Therapy.

[4] Notes of testimony, ps. 20-21.

that some of the evidence was hearsay. Substantial evidence is, of course, such relevant evidence upon which a reasonable mind could base a conclusion[5] and the record contains such evidence and we have held that ''[h]earsay evidence, which is otherwise relevant and material, and which is admitted in an administrative hearing without objection, may be considered by an administrative board, may be given its natural probative effect, and may form the basis for a finding of the board.'' *Borlak v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 489, 493, 326 A.2d 659, 662 (1974).

The appellant finally argues that he was denied a full and fair hearing because he was unrepresented by counsel at the referee's hearing. In *Paoloco v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 214, 309 A.2d 594 (1973), we held that, while it might be preferable that the referee advise a claimant of his or her right to have an attorney present, to offer witnesses and to cross-examine other witnesses, the referee is not required to give such advice. We also noted that a fair hearing is conducted where the parties are freely allowed to testify, and that a referee, of course, may not deny the above rights to a claimant, but, where there is no evidence of such denial in the record and where the record shows that the opportunity to exercise these rights has been afforded, then a fair hearing has been conducted. In *Knox v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 588, 317 A.2d 60 (1974), the claimant alleged on appeal that he was denied due process because he was unrepresented by counsel at the referee's hearing and the referee failed

---

[5] *Rabinowitz v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 51, 324 A.2d 825 (1974).

to counsel him on how to prove his case. There we held that:

"If the record made in this case would show in any way that the referee had improperly refused to accept relevant competent and material evidence, then we would have to agree that Knox was deprived of due process of law. However, there is no such showing in the record.

"Knox fails to point out either a specific deprivation of rights or an unfairness permeating the hearing so as to strike at the conscience. There is nothing in the record which would permit us to conclude that Knox was deprived of any of his rights under the law. Our reading of the record permits us to conclude that the referee carried out all of his duties required by the Board's rules imposing duties to assist an unrepresented claimant, and further that Knox was provided with a fair hearing in which all his rights were protected." *Knox, supra,* 12 Pa. Commonwealth Ct. at 591-592, 317 A.2d at 62-63.

A review of the entire record here establishes that the claimant was afforded a full and fair hearing and that all of his rights were adequately protected.

We, therefore, issue the following

ORDER

AND Now, this 22nd day of June, 1976, the decision of the Unemployment Compensation Board of Review, dated July 10, 1975, is affirmed and the appeal of Alfred Tumolo is dismissed.

Judge KRAMER did not participate in the decision in this case.