Michael J. Healey, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Catalyst Recovery of Pennsylvania, Inc., Intervenor.

416

Argued March 3, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Albert G. Feczko, Jr.,* with him *Feczko and Seymour,* for appellant.

*Reese Couch,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, July 6, 1978:

Michael J. Healey, Jr., a 20-percent shareholder in Catalyst Regeneration Service, Inc. (CRS), was discharged from his employment as Vice President of CRS on May 3, 1976. The Bureau of Employment Security (Bureau) denied his claim for unemployment compensation pursuant to Section 402(e) of the Un-

employment Compensation Law (Act)[1] on the ground that he was discharged for willful misconduct.[2] After a hearing on appeal, the decision of the Bureau was "affirmed as modified" by the referee, who concluded that claimant was also ineligible under Section 402(h) of the Act, 43 P.S. §802(h), because he was a self-employed businessman rather than an employee.[3] The Unemployment Compensation Board of Review (Board) disallowed further appeal and this appeal followed.

Claimant raises two issues on appeal. First, it is argued that he was denied a full and fair hearing in that he was not permitted to fully cross-examine the employer's representative and he was not permitted to take testimony from his witness. After a review of the record, we cannot agree.

The hearing was conducted in accordance with the rule in 34 Pa. Code §101.21(b) which states:

(b) The tribunal shall determine the order in which the evidence shall be presented in all hearings. Within the discretion of the tribunal, the parties shall be permitted to present all evidence and testimony which they believe is necessary to establish their rights.

The record reveals that both the claimant and the employer's representative testified at length. Coun-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] Section 402(e) provides, in pertinent part:

An employe shall be ineligible for compensation for any week—

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

[3] Section 402(h) provides, in pertinent part:

An employe shall be ineligible for compensation for any week—

(h) In which he is engaged in self-employment. . . .

sel for claimant was permitted to question the representative numerous times. Prior to the conclusion of the hearing, the referee indicated that he intended to end the hearing because there was sufficient evidence to resolve the issues. Nevertheless, when the conclusion of the hearing was announced, counsel for claimant merely asked whether he would not be permitted to "ask any further questions." The referee replied that there was no need to continue since the questioning was repetitious. Counsel did not object to the conclusion of the hearing, did not request that his witness be permitted to testify, did not offer to produce additional probative evidence, and did not request a further hearing.

While the referee may not improperly refuse to accept relevant, competent and material evidence, this record reveals no attempt to introduce such evidence and no denial thereof. No deprivation of claimant's due-process rights has been shown, and, therefore, we conclude that a fair hearing was not denied. *See Knox v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 588, 317 A.2d 60 (1974).

The case of *Spinner v. Unemployment Compensation Board of Review,* 24 Pa. Commonwealth Ct. 662, 358 A.2d 455 (1976), relied upon by claimant, is distinguishable since, in *Spinner,* the referee actually refused the claimant's request that his witness be allowed to testify.

Claimant's second contention is that collection of the unemployment tax from employers for employees who are stockholders and who have substantial control over the employer corporation and a subsequent denial of unemployment compensation to those employees is a violation of the Fourteenth Amendment of the Constitution of the United States. This Court recently decided that this contention is without merit in *Bagley & Huntsberger, Inc. v. Employer Accounts*

*Review Board, Bureau of Employment Security, Department of Labor & Industry*, 34 Pa. Commonwealth Ct. 488, 383 A.2d 1299 (1978).

For the foregoing reasons, we affirm the decision of the Board and enter the following

ORDER

AND Now, this 6th day of July, 1978, the order of the Unemployment Compensation Board of Review, dated January 7, 1977, disallowing further appeal to Michael J. Healey, Jr., is affirmed.