Mary Kogel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Mary Kogel,* petitioner, for herself.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 5, 1980:

Mary Kogel Simons[1] has appealed from an order of the Unemployment Compensation Board of Review (Board) affirming the decision of a referee to deny Ms. Simons unemployment compensation benefits because she voluntarily left work without cause of a necessitous and compelling nature. *See* Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). The Office of Em-

---

[1] At the time the appeal was taken Ms. Simons surname was Kogel.

ployment Security and a referee, after hearing, also concluded that Ms. Simons voluntarily quit her job.

Ms. Simons contends that she was denied procedural due process when, as she asserts, the referee denied her right to counsel and to cross-examine witnesses. Ms. Simons was not represented by counsel at the referee's hearing. The record shows that Ms. Simons chose to proceed without the assistance of counsel. The record contains nothing suggesting that the referee denied Ms. Simons the right to have counsel or that she was denied her right to cross-examine witnesses. Indeed the only person who attended the hearing other than the referee was Ms. Simons. The most that can be said for Ms. Simons' case is that the referee did not advise Ms. Simons of her right to counsel, to cross-examination and to call witnesses. He was not required to do so. *Unemployment Compensation Board of Review v. Tumolo*, 25 Pa. Commonwealth Ct. 264, 360 A.2d 763 (1976). A fair hearing is provided if the right to counsel and the right to cross-examine and the right to testify freely are afforded. They were here. The referee thrice invited Ms. Simons to expand on her statement of her case.

Ms. Simons also challenges the referee's conclusion that she left work without cause of a necessitous and compelling nature, as not supported by substantial evidence. The record of the referee's hearing consists solely of Ms. Simons' testimony, the burden of which was that she left her employment because she didn't like it. Ms. Simons testified that she quit because her employer was undergoing managerial problems which caused a change in the demands on her to the point where she at times had little work to do. Dissatisfaction with working conditions is not a necessitous and compelling cause for quitting one's job. *Milsop v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 468, 405 A.2d 1017 (1979).

612

### ORDER

AND Now, this 5th day of March, 1980, the order of the Unemployment Compensation Board of Review disallowing the appeal of Mary A. Simons Kogel is affirmed.

President Judge BOWMAN did not participate in the decision in this case.