Albert A. Lauffer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

520

Argued April 6, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Dennis J. Gounley,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *James Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, September 4, 1981:

The petitioner, Albert A. Lauffer, seeks review of a decision of the Unemployment Compensation Board

of Review (Board) which determined that conflicts which occurred between the petitioner and his supervisor did not rise to the level of necessitous and compelling cause for terminating his employment.[1] We affirm.

The petitioner contends that the referee capriciously disregarded uncontroverted testimony that the petitioner's supervisor unjustifiably accused him of being a liar, that he was blamed by that supervisor for allowing his men to drink on the job, again without cause, and that the supervisor demanded too much night work from him. He maintains that such actions produced pressures which were real and substantial and would compel a reasonable person to resign from his employment.

The petitioner has the burden of showing that he had good cause for quitting, and a mere dissatisfaction with working conditions or resentment of a superior's criticism without a demonstration of unjust accusations, abusive conduct or profane language is insufficient to meet that burden. *Krieger v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 103, 415 A.2d 160 (1980).

The Board found that the supervisor's comments were not delivered in an offensive or profane manner and our review of the record discloses that the petitioner's own testimony established that, although profanity may have been used on one occasion, such language was considered to be acceptable in the workplace and the petitioner did not find it to be objectionable. Furthermore, even if we were to accept the petitioner's assertion that the supervisor's accusations were untrue, we must agree with the Board that

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

he did not establish that the reprimands he received were so uncalled for as to leave him no alternative but to resign his employment. The record shows that the comments to which he objects were directly related to employee relations and work performance which are legitimate concerns of the petitioner's superior and that a personality conflict existed between the two individuals. Such a conflict, however, does not amount to good cause for terminating employment. *Maiers v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 338, 409 A.2d 956 (1980).

The petitioner also argues that he was not given a fair hearing because he was not represented by counsel and the referee failed to help him develop his testimony adequately. Merely because a claimant is not represented by counsel, however, does not mean that he was denied a full and fair hearing, and absent a showing that the referee improperly refused to admit competent and material evidence we cannot say that the petitioner here was deprived of due process. *Kogel v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 609, 411 A.2d 1273 (1980); *Unemployment Compensation Board of Review v. Tumolo*, 25 Pa. Commonwealth Ct. 264, 360 A.2d 763 (1976).[2] Moreover, the referee is not required, as the petitioner argues, to advise the petitioner on evidentiary matters or to help him develop alternative theories of law. *DeMeno v. Unemployment Compensation Board of Review*, 51 Pa. Com-

---

[2] We are aware that our Supreme Court in *Unemployment Compensation Board of Review v. Ceja*, Pa. , 427 A.2d 631 (1981), stated that a referee should specifically inform a claimant of his right to have counsel present, but. inasmuch as such language was contained in only a plurality opinion, it is not binding on this Court, and the petitioner has not himself challenged the referee's failure to give such an instruction here.

monwealth Ct. 137, 413 A.2d 796 (1980). Our review of the record reveals that the referee did not act improperly, and in fact that the petitioner was given a full opportunity to develop his case.

We will therefore affirm the Board's denial of benefits.

ORDER

AND Now, this 4th day of September, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.