Martin S. Berger, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued January 9, 1975, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Herbert B. Lebovitz,* with him *Lebovitz & Lebovitz, P.A.,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, February 5, 1975:

This is the appeal of Martin S. Berger from a decision of the Unemployment Compensation Board of Review (Board), affirming a referee's decision that the appellant was ineligible for benefits because his association with the corporation which he asserts as his em-

ployer was as a self-employed businessman and not as a worker. We affirm.

The following facts were adduced at the hearing before the referee: In August 1971, Mr. Berger became associated, as president and a member of the Board of Directors, with Leisure Activities, Inc. (Leisure), a corporation apparently engaged in marketing and management. Eighty percent of the stock of Leisure was owned by another corporation, Rabco Enterprises, and the appellant acquired the remaining twenty percent. In the fall of 1972, Rabco Enterprises went into receivership, the assets of Leisure were sold at auction and the appellant's association with the latter firm terminated. During the year 1972, the appellant acquired a one-third interest in, and was president of another corporation from which he received about $700 for services. This enterprise, a massage parlor, went out of business in December 1972.

Section 402 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, §402, *as amended,* 43 P.S. §802 provides that an employee shall be ineligible for compensation for any week in which he is engaged in self-employment. The leading case in the field is *Starinieri Unemployment Case,* 447 Pa. 256, 289 A.2d 726 (1972), where it was held that the Unemployment Compensation Law does not provide compensation for businessmen exercising substantial control of enterprises which, upon failing, leave them without gainful occupation. *Starinieri* also held that the test of control is not the quantum of ownership of stock but the amount of control exercised by the claimant over the affairs of the corporation, and that one in actual control of the business is disqualified, though a minority stockholder. We have, of course, followed the rule laid down by the Supreme Court. *Medoff v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 466, 308 A.2d 185 (1973). That the

310

appellant controlled the affairs of Leisure is shown not only by his title of president but by his testimony at the hearing below, where in describing the demise of Leisure, he stated: "[t]hey took the assets of *the company that I had* and they auctioned them off."

ORDER

AND NOW, this 5th day of February, 1975, it is ordered that the appeal of Martin S. Berger be and it is hereby dismissed and the order of the Board of Review be and it is hereby affirmed.