Bagley & Huntsberger, Inc., Petitioner *v.* Employer Accounts Review Board, Bureau of Employment Security, Department of Labor & Industry of Commonwealth of Pennsylvania, Respondent.

Argued February 1, 1978, before President Judge Bowman and Judges Crumish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Dom W. Greco,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, for respondent.

Opinion by Judge DiSalle, March 31, 1978:

This case comes before the Court upon a petition for review of a decision by the Employer Accounts Review Board of the Bureau of Employment Security, Commonwealth of Pennsylvania, Department of Labor and Industry (Board). The decision denies a claim for refund filed by Bagley & Huntsberger, Inc. (Employer), for unemployment compensation taxes assessed and paid on the wages of two of its shareholder-officer-employes. We will affirm.

On November 4, 1976, the Employer filed the claim for refund with the Venango County Supervisor for Field Accounting Service for unemployment compensation tax payments made in the second quarter of 1976. These payments were made on the wages of Curtis E. Bagley (Bagley) and Stephen C. Huntsberger (Huntsberger). Each of these men owns 50% of the Employer's outstanding stock. Each man also serves the Employer in the capacity of officer-employe.

By letter dated November 23, 1976, the Supervisor of Registration Unit for the Bureau of Employment Security notified the Employer that its claim for refund was denied. Thereafter, the Employer requested a final appealable decision from the Board. This request was honored and the Employer's claim for refund was considered by the Board at its January meeting. On January 20, 1976, the Board informed the Employer by letter that its claim would not be granted. The Employer thereupon filed a petition for review.

The narrow question of law with which we are faced is whether the taxation of a corporation, pursuant to Section 301(a)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §781 (a) (1), on wages earned by shareholder-officer-employes, is either a denial of due process under the United States Constitution or a violation of the uniformity requirement of the Pennsylvania Constitution.

The Employer argues that the liability imposed upon it for the wages earned by the shareholder-officer-employes is not founded upon any quid pro quo relationship between the payment of the tax and the benefit received as required by the Fourteenth Amendment to the United States Constitution. This

position is apparently based upon the fact that under Section 402(h) of the Act, 43 P.S. §802(h), an unemployed businessman is ineligible to receive benefits. The Employer contends that since, under the decision in *Starinieri Unemployment Compensation Case*, 447 Pa. 256, 289 A.2d 726 (1972), both Bagley and Huntsberger would be viewed as businessmen in an unemployment claim proceeding and therefore ineligible for benefits, the employer receives no benefit for the unemployment tax it pays on their wages.

The Employer's argument is without merit and was specifically answered in *Labe's Men's Shop v. Young*, 35 D. & C. 2d 135, 141-42, 82 Dauphin 383, 388-89 (1964). In that case, Judge BOWMAN, now President Judge BOWMAN of our Court, said this:

> While not specifically advanced, there underlies plaintiff's argument the apparent dilemma in which some small closely held corporations and their owners find themselves in being subject to employer contributions under the Unemployment Compensation Law, with the possibility that a substantial shareholder of the corporation upon his termination of employment by it being declared ineligible for compensation benefits under the authority of the cited Superior Court decisions. This suggested inequity, however, is more apparent than real and misconceives the intent and purposes of the law. As stated in Edgewood Amusement Company, Inc., supra, pages 125-126
>
> '. . . The Unemployment Compensation Law may aptly be termed a statute having two somewhat related but nevertheless distinct and separate purposes. The one purpose is that of creating a fund out of which compensation benefits may be paid to persons who are unem-

ployed through no fault of their own. To accomplish this purpose the act imposes contributions upon all employers, as defined in said act, which contributions are paid into the fund created for the payment of compensation benefits to eligible persons.

\* \* \*

'. . . The imposition of the tax is absolute and without regard to the economic status of the employe or to any job protection which he may happen to enjoy by reason of such employment or any other employment.

'The other purpose or objective of this act is to afford to certain persons unemployment compensation benefits, and the provisions thereof establishing eligibility, amount and duration of such benefits accomplish this purpose. None of the many and complex provisions relating to benefits provide for or even suggest the conclusion which appellant would have the Court reach. While it is true that a fully employed person is not eligible for unemployment compensation benefits whether so employed in covered or noncovered employment, this is so because of the *fact* of employment and not the *reason* for being so employed.'

The *quid pro quo* relationship of employer contributions to eligibility for compensation benefits which this 'injustice' suggests simply does not exist within the intent and purposes of the law or under the provisions. (Emphasis in original.)

In *Labe's Men's Shop,* the corporation attempted to circumvent the unemployment compensation tax by requesting the Court to pierce its corporate veil.

Here, we need not make such a decision, as the Employer has specifically requested that its corporate veil not be pierced. The Employer is liable for the tax because it operated as a duly certified corporation in the Commonwealth and employed individuals therein. The imposition of unemployment compensation taxes upon the wages of its shareholder-officer-employes is not violative of due process of law under the Fourteenth Amendment to the United States Constitution.

The second argument raised by the Employer, that the imposition of tax on the wages paid its shareholder-officer-employes violates the Uniformity Clause of the Pennsylvania Constitution,[1] is misdirected. The argument as advanced by the Employer actually goes to equal protection. Regardless, neither of these contentions has merit. The Act creates no classification or other distinction as to the wages subject to the unemployment compensation tax.[2] Furthermore, the Employer has no standing to make an equal protection argument on behalf of its shareholder-officer-employes.

ORDER

AND Now, this 31st day of March, 1978, the decision of the Employer Accounts Review Board of the Bureau of Employment Security denying the claim for refund filed by Bagley & Huntsberger, Inc. is hereby affirmed.

---

[1] Pa. Const. art. VIII, §1, requires that "All taxes shall be uniform upon the same class of subjects. . . ."

[2] Section 301(a)(1) of the Act, 43 P.S. §781(a)(1) provides: "Each employer shall pay contributions with respect to . . . wages paid by him for employment." Section 4(l)(1) of the Act, 43 P.S. §753(l)(1) includes within employment, services as an officer of a corporation.