Gerard L. Lafond, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 9, 1979, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*Gerard L. Lafond*, petitioner, for himself.

*John Kupchinsky*, Assistant Attorney General, with him *Susan Shinkman*, Assistant Attorney General, and *Gerald Gornish*, Attorney General, for respondent.

PER CURIAM OPINION, March 29, 1979:

We must determine whether there exists in the record of this case substantial evidence to support the decision of the Unemployment Compensation Board of Review (Board) that Gerard L. Lafond (Claimant) is a self-employed businessman and, therefore, ineligible for benefits pursuant to Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

Claimant was president and general manager of Versadyne, Incorporated, an engineering firm, and also owned 33⅓% of the company's stock. It is his contention that notwithstanding his position and his stock holdings, the degree of control which he exercised over the business of the corporation was merely that which would be reposed in any professional employe: that is, to exercise independent judgment, to supervise a supportive staff, and, to control the work and production emanating from his office. A review of the record, however, convinces us that Claimant's duties and responsibilities were commensurate with the Board's finding that his control over the operation of the corporation was substantial enough to warrant

the conclusion that he was a self-employed business-man. *See Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972).

Claimant admitted at the hearing before the referee that following his election as president in December of 1973, he attempted to gain control of the affairs of the corporation. As general manager, his duties involved directing the day-to-day operations of the business. The fact that he was a minority stockholder does not vitiate his control over the corporation, since the test of control is not the quantum of stock ownership but the amount of actual control exercised. *Berger v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 308, 331 A.2d 570 (1975). Finally, as a result of the financial difficulties facing the corporation, Claimant elected to forego receiving any salary from October, 1973, until May, 1974. In light of all these factors, we determine that the Board acted properly when it held Claimant to be ineligible for unemployment compensation benefits.

Claimant's second contention, that the Board should be estopped from denying benefits since the corporation had paid unemployment insurance tax on his wages, is equally without merit. In *Bagley & Huntsberger, Inc. v. Employer Accounts Review Board, Bureau of Employment Security, Department of Labor & Industry,* 34 Pa. Commonwealth Ct. 488, 383 A.2d 1299 (1978), we rejected the argument that there is a quid pro quo relationship between employer contributions based on the wages earned by share-holder-office-employes and their eligibility for benefits. The collection of unemployment tax from employers for employes who are stockholders and who have substantial control over the operation of the corporation was held not to be a denial of due process. *See also Healey v. Unemployment Compensation*

*Board of Review,* 36 Pa. Commonwealth Ct. 415, 387 A.2d 1025 (1978). It follows, therefore, that the Board had the authority to deny Claimant benefits under the circumstances of this case.

Accordingly, we affirm.

PER CURIAM ORDER

AND Now, this 29th day of March, 1979, the order of the Unemployment Compensation Board of Review, dated November 1, 1977, denying benefits to Gerard L. Lafond, is hereby affirmed.