Samuel Losito, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 2, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*John A. Wetzel, Wessel & Carpel,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 30, 1980:

Samuel Losito has appealed from a decision of the Unemployment Compensation Board of Review declaring him to be ineligible for unemployment compensation benefits as a self-employed businessman.

Losito last worked for Losito Mushroom Corporation, a mushroom grower. Losito was the Secretary and the owner of one-third of the stock of the corporation. He has agreed that he participated in the running of the corporation on a day to day basis, having power over all operations of the corporation, including

the hiring and firing of employees. In February 1979, the corporation ceased operation by reason of business difficulties. Shortly thereafter the corporation filed a petition in bankruptcy.

Losito's application for unemployment compensation benefits was denied by the Office of Employment Security on the ground that Losito was a self-employed person. *See* Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h). That determination was essentially upheld by a referee after a hearing. The Board of Review in turn disallowed Losito's appeal from the referee's decision.

This case falls squarely within the holding of *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972) that "one who through ownership of stock and his position in the corporation exercises a 'substantial degree of control' over its operation" (447 Pa. at 259, 289 A.2d at 727) is a self-employed businessman and therefore ineligible for benefits upon the loss of his employment. Losito's testimony and his statements to the Office of Employment Security place him squarely within the definition of a self-employed businessman for this purpose. *See also Kerns v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 48, 367 A.2d 334 (1976).

Losito's assertion that the unemployment authority may not refuse him compensation because the corporation paid unemployment compensation taxes on his wages is ineffective. We have rejected this argument, holding that there is no relationship between the payment of unemployment compensation tax and the eligibility for unemployment compensation benefits of persons in the appellant's position with his employer. *LaFond v. Unemployment Compensation Board of*

*Review,* 41 Pa. Commonwealth Ct. 428, 399 A.2d 460 (1979).

We are unable to understand how Losito's final contention—that the corporation did not file a petition in bankruptcy because it wanted to but because it was forced to this end by economic conditions beyond its control—can effect his ineligibility for benefits because he was self-employed.

Order affirmed.

### ORDER

AND Now, this 30th day of June, 1980, the order of the Unemployment Compensation Board of Review denying unemployment benefits to Samuel Losito is affirmed.