528 A.2d 1067

Edward M. Sam, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Edward M. Sam, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Elizabeth J. Sam, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 3, 1986, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Ralph D. Conrad,* with him, *Dennis J. Slyman,* for petitioners.

*Samuel H. Lewis,* Associate Counsel, with him, *James K. Bradley,* Assistant Counsel, *Charles G. Hasson,* Acting Deputy Chief Counsel, and *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

*John G. Knorr, III,* Senior Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for Amicus Curiae, Attorney General.

OPINION BY JUDGE DOYLE, July 24, 1987:

These are consolidated appeals by Edward M. Sam, Elizabeth J. Sam, and Edward M. Sam, Jr., (Claimants) from orders of the Unemployment Compensation Board of Review (Board) that denied each claimant benefits pursuant to Section 402(h) of the Unemployment Compensation Law (Law),[1] 43 P.S. §802(h) (self-employment provision).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

The facts are uncontested. All three Claimants were co-owners of a family-held corporation, Edison Corporation (Corporation). Claimant Edward Sam was president and owned twenty-six percent of the stock; Claimant Edward M. Sam Jr. was vice president and owned ten percent of the stock; Claimant Elizabeth Sam was secretary-treasurer and owned twenty-six percent of the stock. It was freely admitted by Claimants on the record that they all exercised a substantial degree of control over the corporation's affairs and the day-to-day operations of the business, and the referee so found. He further found that the Corporation had a franchise from Charley Brothers to operate the store and that, for economic reasons, Charley Brothers terminated the franchise agreement on September 11, 1984, took possession of the assets and closed the store. He also determined that Claimants did not enter into involuntary bankruptcy. Having determined that Claimants were all self-employed, he accordingly denied benefits on the basis of Section 402(h), and the Board affirmed. On appeal, our scope of review is limited to determining whether there was a constitutional violation or an error of law, and whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

Claimants concede that, under *Starinieri Unemployment Compensation Case*, 447 Pa. 256, 289 A.2d 726 (1972), it has been determined that a business person who holds stock in a closely held corporation and exercises a substantial degree of control in the operation of the business is ineligible for benefits under Section 402(h). Claimants further concede that prior cases have determined that the fact that such business persons *as employers* have contributed to the Unemployment Compensation Fund does not preclude a denial of benefits, since there is no quid pro quo between em-

ployer contributions and eligibility for benefits. *See, e.g., Lafond v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 428, 399 A.2d 460 (1979); *Bagley & Huntsberger, Inc. v. Employer Accounts Review Board,* 34 Pa. Commonwealth Ct. 488, 383 A.2d 1299 (1978).

Claimants contend, however, that the above-cited cases were decided prior to two changes in the Law. The first change required that *employees* contribute to the Unemployment Compensation Fund. *See* Section 301.4 of the Law, 43 P.S. §781.4. The second change created an exception to the self-employment disqualification provision in instances where a claimant was forced into involuntary bankruptcy. *See* Section 402.4 of the Law, 43 P.S. §802.4. Claimants assert that these changes evidenced a legislative intent to extend benefits to claimants such as themselves. Because of these statutory changes, we are invited to overrule precedent. We decline to do so.

As to the change in the Law mandating employee contributions, we note that this Court has previously decided that the fact that an *employee* pays into the fund does not establish a quid pro quo entitlement creating a right to benefits in that employee. In *Riley v. Unemployment Compensation Board of Review,* 100 Pa. Commonwealth Ct. 476, 515 A.2d 81 (1986), the claimant applied for benefits after working for thirty-five years. He was denied benefits because his earnings were insufficient. *See* Section 4(w)(2) of the Law, 43 P.S. §753(w)(2). On appeal he argued, *inter alia,* that because he had paid into the fund as an employee, the fund "promised" that he would be eligible for benefits. We recognized this as the same type of quid pro quo argument raised in earlier cases and adhered to our decisional law. We add to this rationale today by noting, in addition, that were we to hold that mere payment by

an employee into the fund would create a right to benefits, other disqualifying sections of the Law, including Section 402(e), 43 P.S. §802(e) (willful misconduct) and Section 402(b), 43 P.S. §802(b) (voluntarily quitting without necessitous and compelling reasons) possibly would be rendered nugatory. Such result, of course, would be absurd.

Claimants' other assertion is that the addition of Section 402.4, allowing benefits where an involuntary bankruptcy proceeding is initiated, evidences a legislative intent to allow benefits to all those whose businesses fail. It is clear that this Section offers a modicum of assistance only to those forced into involuntary bankruptcy. Claimants *appear* to suggest that treating them differently because they were not forced into involuntary bankruptcy is inappropriate. Because this issue was not sufficiently raised, we decline to rule on it.[2]

Accordingly, the order of the Board in the above-captioned matter is affirmed.

## ORDER

Now, July 24, 1987, the orders of the Unemployment Compensation Board of Review in the above-captioned matters are hereby affirmed.

---

[2] Claimants' initial briefs to this Court hint at a constitutional challenge to the bankruptcy provision. By *per curiam* order of this Court dated January 26, 1987, we directed the parties to submit supplemental briefs on this issue. We also invited the Attorney General to submit a brief. Supplemental briefs were filed by all three parties. Claimants, however, in no way mentioned Section 402.4 in their supplemental brief, despite this Court's clear directions that this was the issue it wished addressed. Accordingly, we deem the issue waived and note in passing that in having allowed the supplemental briefs in the first instance, we were willing to overlook the fact that Claimants' initial briefs did not include the challenge to the bankruptcy provision in the statement of questions presented, and thus failed to comply with Pa. R.A.P. 2116.