IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John C. Hatzis,                 :
            Petitioner         :
                                    :
         v.                   :
                                    :
Unemployment Compensation     :
Board of Review,            :    No. 864 C.D. 2020
            Respondent    :    Submitted: April 15, 2021

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: May 10, 2021

       John C. Hatzis (Claimant) petitions for review of the August 20, 2020, decision and order of the Unemployment Compensation Review Board (Board), which affirmed the referee's March 10, 2020, decision and order. The Board found Claimant's appeal from the referee's denial of unemployment compensation benefits (benefits) was untimely pursuant to Section 502 of the Unemployment Compensation Law (UC Law).[1] Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822.

**Factual & Procedural Background**

In January 2020, Claimant applied online for benefits. Reproduced Record (R.R.) at 10a-14a. Claimant asserted in his application that he had worked for Tom's All American LLC, a restaurant and bar that he owned and operated as its sole proprietor and president. *Id*. at 12a-14a & 21a. His employment ran from May 1, 2019, through December 31, 2019, when the business closed after a fire. *Id*. at 11a & 18a. The Altoona Unemployment Compensation Service Center (Service Center) issued a Notice of Determination finding that Claimant was self-employed and therefore ineligible for benefits.[2] *Id*. at 29a. Claimant timely appealed the Service Center's determination via email, and a telephone hearing on the merits of his application was scheduled for March 3, 2020. *Id*. at 34a-37a & 45a.

Claimant failed to appear for the hearing.[3] R.R. at 57a. Based on the available documentary evidence, the referee concluded that Claimant had been self-employed because he admitted in his application that he was the president and sole owner of the business.[4] *Id*. at 58a. The referee therefore affirmed the Service

---

[2] The Service Center also issued an overpayment notice regarding $487 that Claimant had received in error under an earlier determination. Reproduced Record (R.R.) at 31a-32a. Because the overpayment was not due to Claimant's fault, he was not required to return the funds. *Id*. at 32a. The referee affirmed this determination and it is not at issue in this matter. *Id*. at 59a.

[3] In his subsequent appeal, Claimant asserted that he had called the "referee's office" on March 2, 2020, and asked to reschedule the next day's hearing because he was in California and would be in transit back to Pennsylvania at the scheduled hearing time. R.R. at 68a. Claimant averred that the hearing should have been rescheduled as there were no other parties or witnesses who would have been inconvenienced and he asked for leniency because he was returning to Pennsylvania for a job interview. *Id*. The Board did not address this in its decision. *Id*. at 115a-17a. However, Claimant has not pursued it before this Court, and in light of our disposition, we need not reach the issue.

[4] Section 402(h) of the UC Law states: "An employe shall be ineligible for compensation for any week . . . [i]n which he is engaged in self-employment[.]" 43 P.S. § 802(h); *Starinieri v. Unemployment Comp. Bd. of Rev.*, 289 A.2d 726, 727-28 (Pa. 1972) (if claimant is an officer of a

2

Center's determination of ineligibility for benefits. *Id*. at 59a. The referee's March 10, 2020, decision stated on its first and last pages that the final date to appeal was March 25, 2020, 15 days later. R.R. at 56a & 59a; *see* 43 P.S. § 822 ("[T]he referee's decision . . . shall be deemed the final decision of the board, unless an appeal is filed therefrom, within [15] days after the date of such decision[.]").

Claimant emailed his appeal on March 27, 2020, asserting the following basis for its untimeliness:

> Due to COVID-19 closures and stay at home orders, I have been stuck with family outside of my residence. My mail from my residence was just collected and [I] just received this [referee's] decision. However, the [referee's] decision although dated the 10th of March did not arrive *to my address* until the 19th of March, and therefor[e] I did not have 15 days to appeal the decision.

R.R. at 67a (emphasis added).[5]

A hearing on the timeliness issue was conducted by a referee in July 2020. R.R. at 106a. Claimant testified that he was in California visiting family in March 2020 when the COVID-19 pandemic began and he was unable to return to Pennsylvania. *Id*. at 110a. He stated that his mail had been arriving slowly and that he had his mother check his home mailbox every day because he was expecting the

---

business and exercises a "substantial degree of control" over the business, then the claimant is a self-employed business owner, not an employee, and ineligible for benefits).

[5] Regarding the merits of his claim, Claimant averred that he lost his employment through no fault of his own when the business closed because of a fire. R.R. at 67a. He added that although he was the owner and operator, he was also an employee who received a paycheck with taxes withheld, including unemployment compensation tax. *Id*. We note, however, that the required payment of unemployment compensation taxes by a business owner is unrelated to the owner's ineligibility for benefits based on his self-employed status. *See generally Bagley & Huntsberger, Inc. v. Emp. Accts. Rev. Bd.*, 383 A.2d 1299 (Pa. Cmwlth. 1978) (*en banc*).

3

decision, which he appealed as soon as he received emailed pictures of it from his mother on March 27th. *Id*. at 109a-10a. The following exchange then occurred:

> [Referee:]    Is there a reason that you wrote in your March 27th email that you received [the March 10, 2020, decision] on March 19th?
>
> [Claimant:]    Yes. No, I would have—I believe the way I worded [the appeal] is that I did receive it however I didn't receive it—like I wasn't saying I received it on March 19th.
>
> [Referee:]    Well sir the text of the email reads ["H]owever, the [referee's] decision although dated the 10th of March did not arrive to my address until the 19th of March." How did you know that the Decision arrived on the 19th of March if you didn't receive it on that day sir?
>
> [Claimant:]    I get the informed delivery services from the U.S. Postal Service [Postal Service].[6] So, I would have seen something coming but again I didn't get the actual physical letter from the [P]ostal [S]ervice. [The Postal Service has] been a week delayed on that informed delivery sometimes from what I'm expecting to what I actually get in the mail.

---

[6]    Informed Delivery is a free and optional notification feature that gives residential and eligible PO Box™ consumers the ability to digitally preview their letter-sized mail and manage their packages scheduled to arrive soon. Informed Delivery benefits the entire household by allowing users to view what is coming to their mailbox whenever, wherever – even while traveling – on a computer, tablet, or mobile device.

United States Postal Service, Informed Delivery – The Basics, https://faq.usps.com/s/article/Informed-Delivery-The-Basics (last visited May 7, 2021).

4

> [Referee:]   Did you contact the post office about your letter sir?
>
> [Claimant:]  No I did not.

*Id*. at 110a. Claimant further explained: "Even though the informed delivery shows it on the 19th I didn't receive it at that house until probably the 26th or 27th[.] . . . I took every measure possible to make sure I got it and I know that the date's on there but as soon as I got them [sic], I filed." *Id*. at 111a.

In its August 20, 2020, decision and order, the Board acknowledged Claimant's testimony, but rejected it as not credible. *Id*. at 116a. The Board therefore found it had no jurisdiction to accept Claimant's late appeal and dismissed it.[7] *Id*. Claimant then filed a counseled appeal to this Court.

## Positions of the Parties

Claimant asks for *nunc pro tunc* reinstatement of his appeal because its lateness was due to circumstances beyond his control. Claimant's Br. at 12. Claimant acknowledges that he was notified by the Postal Service on March 19, 2020, that the decision was scheduled to be delivered to his residence on or about that date. *Id*. at 16. He reiterates, however, that the documents were not actually received until March 26th or 27th due to the slow delivery of mail and shutdowns during the early part of the pandemic. *Id*. at 15-17; Claimant's Reply Br. at 1. Claimant therefore argues that the Board's finding that he received the referee's

---

[7] The Board noted in closing that Claimant may qualify for Pandemic Unemployment Assistance benefits, which have been made available for those deemed ineligible for regular benefits, including self-employed individuals. R.R. at 116a; *see also* Office of Unemployment Compensation, Pandemic Unemployment Assistance (PUA) FAQs, https://www.uc.pa.gov/COVID-19/CARES-Act/Pages/PUA-FAQs.aspx (last visited May 7, 2021).

decision on March 19, 2020, lacked evidentiary support and amounted to a capricious disregard of his testimonial evidence. Claimant's Reply Br. at 2-4.

In response, the Board emphasizes the limited circumstances in which *nunc pro tunc* relief is warranted and the heavy burden on claimants to establish those circumstances. Bd. Br. at 6 (citing *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008)). Concerning Claimant's assertion that the pandemic slowed his receipt of the referee's decision, the Board refers to the rebuttable presumption based on the "mailbox rule" that a mailed item that is not returned as undeliverable will be considered timely received. Bd. Br. at 7 n.3 (citing *Coin Automatic Laundry Equip. Co. v. Unemployment Comp. Bd. of Rev.*, 447 A.2d 690, 691 (Pa. Cmwlth. 1982)). The Board therefore asks that its dismissal of Claimant's appeal be affirmed. Bd. Br. at 12.

**Analysis**

The Board is the ultimate arbiter of credibility in unemployment compensation cases. *Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 1224, 1227 (Pa. Cmwlth. 2017). We are bound by the Board's findings so long as there is substantial evidence in the record, taken as a whole, supporting those findings. *Id.* at 1228.[8]

The UC Law provides that a party has 15 days to appeal a referee's decision to the Board. 43 P.S. § 822; *see also* 34 Pa. Code § 101.82; *Hessou*, 942 A.2d at 197. An appeal filed even one day after the 15-day appeal period is untimely. *Hessou*, 942 A.2d at 198. If an appeal is not filed timely, the referee's decision

---

[8] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

6

becomes final and the Board does not have jurisdiction to consider the matter. *Id.* at 197-98. As such, failure to file an appeal within 15 days, without an adequate excuse for the late filing, mandates dismissal of the appeal. *Id*. at 198.

The Board may consider an untimely appeal in limited circumstances. *Hessou*, 942 A.2d at 198. In light of the mandatory nature of the statutory time limit for appeals, however, the burden on the claimant is heavy. *Id.* "First, he can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. Second, he can show non-negligent conduct beyond his control caused the delay." *Id*. (citation omitted). The non-negligent conduct contributing to the delay may be that of either the appellant or a third party. *Mountain Home Beagle Media v. Unemployment Comp. Bd. of Rev.*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008).

However, mere blamelessness may not be enough to warrant *nunc pro tunc* relief, as a duty arises for a claimant to follow up on information that arrival of a decision has occurred or may be imminent. In *Ho v. Unemployment Compensation Board of Review*, 525 A.2d 874, 875 (Pa. Cmwlth. 1987), the claimant received notice while overseas that a letter had arrived from the Office of Unemployment, but she did not "take measures to ascertain the contents of the letter" and filed an untimely appeal. *Id*. at 875. We affirmed the Board's dismissal of her appeal, stating that by applying for benefits, the claimant "availed herself of our system of administrative justice. In doing so, she implicitly assumed a duty to comply with procedures which are designed to ensure a sound and evenhanded administration of justice or risk forfeiture of her claim." *Id*.

In *Grossman v. Unemployment Compensation Board of Review*, 400 A.2d 910 (Pa. Cmwlth. 1979), the referee's decision was mailed to the claimant at

7

her given address in California on January 23, 1976. *Id.* at 910. Her appeal, mailed on February 4, 1976, was deemed untimely (at that time, litigants had ten days to appeal) and dismissed by the Board. *Id.* at 910 & n.1. The claimant argued that "the difficulty of interstate mail delivery" led to the lateness of her appeal. *Id.* at 910. This Court declined to reinstate her appeal rights on the basis of her asserted "hardship" because of the mandatory nature of the UC Law's appeal provisions. *Id.*

Subsequently, however, in *Walker v. Unemployment Compensation Board of Review*, 461 A.2d 346 (Pa. Cmwlth. 1981), the claimant arranged to have his mail forwarded to a new address, but claimed the forwarding order failed and he did not receive the referee's decision in time to appeal. *Id.* at 347. This Court concluded that an untimely appeal may be excused if the claimant establishes the lateness was caused by extenuating circumstances not due to the claimant's fault or negligence and remanded the matter for findings of fact. *Id.*

Thus, a claimant must have an opportunity to prove that a mailed item was not received in a timely manner, but testimony denying receipt, even if uncontroverted, will not be sufficient to meet the claimant's burden if the Board does not find it credible. *See Gaskins v. Unemployment Comp. Bd. of Rev.*, 429 A.2d 138, 140 (Pa. Cmwlth. 1981) (Board did not credit claimant's testimony that correctly addressed decision was delivered to another address); *see also Reaves v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth. No. 1707 C.D. 2019, filed Nov. 10, 2020), slip op. at 5, 2020 WL 6573041 (unreported)[9] (Board did not credit claimant's testimony that he received notice of determination two days after appeal deadline), and *Milewski v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 2466 C.D.

---

[9] Unreported decisions of this Court are cited as persuasive authority pursuant to our Internal Operating Procedures. 210 Pa. Code § 69.414(a).

2011, filed Aug. 28, 2012), slip op. at 3-4, 2012 WL 8704790 (unreported) (Board did not credit claimant's testimony that he never received notice of determination).

By contrast, in *Verdecchia v. Unemployment Compensation Board of Review*, 657 A.2d 1341 (Pa. Cmwlth. 1995), we upheld the Board's grant of *nunc pro tunc* relief based on credible testimony by the employer that after it closed the facility where the claimants worked and had the mail forwarded to the Roman Catholic Diocese of Pittsburgh, "the post office held some of the mail for as long as six weeks before delivering it." *Id*. at 1343 & 1344. In *Nationwide Insurance Co. v. Pennsylvania Insurance Department*, 779 A.2d 14 (Pa. Cmwlth. 2001), this Court relied on *Walker* to uphold the Board's grant of *nunc pro tunc* relief based on the insureds' credible testimony that there were "sporadic problems with mail delivery at their residence" and that they never received the notice canceling their coverage. *Id*. at 16-17.

Our courts have not yet addressed an unemployment litigant's assertion of delayed mail delivery during the COVID-19 pandemic as sufficient cause to allow *nunc pro tunc* relief for a late appeal.[10] We are mindful that many may have been impacted by such issues. Nevertheless, the foregoing body of law sufficiently guides our analysis in this case.

Claimant asserted in his written appeal that he received the referee's March 10, 2020, decision denying his benefits on March 19, 2020, six days before the March 25, 2020 deadline. R.R. at 67a. Subsequently, when Claimant testified in his telephone hearing, he contended that he had misworded his written appeal and

---

[10] Pennsylvania's federal courts have considered such delays and granted relief, but those decisions have addressed non-jurisdictional time limitations. *See, e.g.*, *Gross v. Bristol Borough*, No. 20-CV-5970, 2021 WL 928378, *1 & 5 (E.D. Pa. Mar. 11, 2021) (tentatively allowing case to move forward where plaintiff alleged right-to-sue letter setting 90-day deadline to file suit was never received due to "marked delay in mail receipt in light of the COVID-19 pandemic[.]").

9

that on March 19th, he received only the Postal Service's notice that the decision would arrive on or about that date. *Id.* at 110a-11a. He admitted that he had not followed up with the post office about the notice. *Id.* He maintained that he did not actually receive the decision until March 26th or March 27th when his mother, who was checking his mail every day, received the decision and sent pictures of it to him. *Id.*[11]

After considering Claimant's explanation, the Board noted his failure to corroborate his account by presenting his mother's testimony and ultimately concluded that his testimony was not credible. R.R. at 116a. The Board therefore dismissed Claimant's appeal because it found he had failed to show that circumstances beyond his control prevented him from filing the appeal timely. *Id.*

In both *Nationwide Insurance* and *Verdecchia*, the litigants' credible testimony met their burden to show the Board that their failure to timely appeal was due to no fault or negligence of their own. Here, by contrast, Claimant failed to persuade the Board either that he misspoke when he stated in his written appeal that he received the referee's decision on March 19, 2020, or that he did everything he could to mitigate any delivery delay. He did not contact the post office when he received the notification of delivery on March 19, 2020. R.R. at 110a. He did not present his mother to testify to any efforts she may have made to retrieve the decision after the March 19, 2020, delivery notice, or that the decision did not arrive until

---

[11] Because Claimant acknowledges that his mother was able to check his mail every day and that he was able to file his appeal online, he has not established that his mere absence from his residence in Pennsylvania, even during the pandemic, amounted to extenuating circumstances beyond his control sufficient to warrant *nunc pro tunc* relief for his untimely appeal. *Accord Ho v. Unemployment Comp. Bd. of Rev.*, 525 A.2d 874, 875 (Pa. Cmwlth. 1987) (claimant's husband received her decision while she was overseas taking care of her sick mother; his inability to read English and advise her of the deadline did not absolve her of her duty to file a timely appeal).

10

March 26th or 27th. *Id*. at 116a. That Claimant's appeal was only two days late does not alone excuse its untimeliness. *Hessou*, 942 A.2d at 197.

*Walker*, on which Claimant relies, merely concluded that a delay in mail delivery *may* be cause for *nunc pro tunc* relief after an untimely appeal. 461 A.2d at 347. The claimant must still meet the burden of proof to show that any such delay negated his ability to file a timely appeal. *Id*. Claimant failed to do so because the Board rejected his explanation for his untimely appeal as not credible. Claimant cites no on-point precedent that would permit this Court to overturn the Board's credibility determinations and findings of fact.

This Court may not reweigh the evidence, remake credibility determinations, or disturb the Board's factual findings so long as there is substantial evidence in the record supporting those findings. *Waverly Heights,* 173 A.3d at 1227-28. Here, evidence of record, specifically Claimant's own explanation in his initial written appeal, supports the Board's finding that Claimant received the referee's decision on or about March 19, 2020, before his appeal period elapsed. R.R. at 67a. The Board considered but found Claimant's subsequent testimony that he misworded his appeal and did not receive the decision until March 26th or 27th to be uncorroborated and not credible. *Id*. at 116a. The Board's rejection of Claimant's explanation was within the Board's discretion and did not constitute capricious disregard of relevant evidence. *Nat'l Keystone Prods. v. Unemployment Comp. Bd. of Rev.*, 458 A.2d 316, 317 (Pa. Cmwlth. 1983) ("Capricious disregard of evidence has been defined as a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not

11

possibly have disregarded in drawing a conclusion.").[12]  The Board therefore did not err in dismissing Claimant's appeal as untimely.

**Conclusion**

Based on the foregoing discussion, we affirm the Board's order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[12] Claimant cites *Treon v. Unemployment Compensation Board of Review*, 453 A.2d 960, 962-63 (Pa. 1982), in which our Supreme Court concluded that the Board capriciously disregarded factual findings by the referee that were uncontradicted and supported by "overwhelming evidence" in the record.  *Treon* is distinguishable.  Here, Claimant's testimony that he did not receive the referee's opinion until March 26th or 27th, even if it had been found credible, did not constitute overwhelming evidence.  It was uncorroborated and contradicted by his own assertion in his written appeal that he had received the decision *at his address* on March 19, 2020.  R.R. at 67a.  Moreover, unlike in *Treon*, the Board here did not disregard the referee's findings, but expressly addressed and affirmed them.  The reasoning in *Treon* is therefore inapplicable.

12

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John C. Hatzis,                          :
                    Petitioner           :
                                         :
            v.                           :
                                         :
Unemployment Compensation                :
Board of Review,                         :       No. 864 C.D. 2020
                    Respondent           :

## O R D E R

AND NOW, this 10th day of May, 2021, the August 20, 2020, Order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge