IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph L. Sindoni,                          :
                    Petitioner              :
                                            :
        v.                                  :        No. 621 C.D. 2021
                                            :        Submitted: December 17, 2021
Unemployment Compensation                   :
Board of Review,                            :
                    Respondent              :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge[1]
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                    FILED:  March 14, 2022


        Joseph L. Sindoni (Claimant), *pro se*, petitions for review of an
adjudication of the Unemployment Compensation Board of Review (Board) that
denied him unemployment compensation benefits.  In doing so, the Board affirmed
the Referee's determination that Claimant was ineligible for benefits under Section
402(h) of the Unemployment Compensation Law (Law)[2] and liable for a non-fault
overpayment.  On appeal, Claimant argues that he was eligible for unemployment
compensation benefits, regardless of being self-employed, because he had to comply
with the Governor's order and close his business in response to the COVID-19
pandemic.  Discerning no error in the Board's adjudication, we affirm.

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita
Leavitt became a senior judge on the Court.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h)
(relating to self-employment).

Claimant was employed by Trek Enterprises (Employer) from August 8, 1982, until March 20, 2020, when, due to the COVID-19 pandemic, Employer was required to close its business.[3] In response, Claimant applied for unemployment compensation benefits. The Harrisburg UC Service Center initially determined that he was eligible, and Claimant collected $1,014 in benefits for claim weeks March 28, 2020, through May 2, 2020. In May 2020, Employer reopened its business, and Claimant returned to work.

Subsequently, on August 31, 2020, the Harrisburg UC Service Center issued a Notice of Determination, finding that Claimant was self-employed and, therefore, ineligible for benefits under Section 402(h) of the Law.[4] Claimant appealed, and a hearing was held before a Referee.

At the hearing, Claimant testified that he is Employer's president and only officer. As president, he makes all decisions for the business and is responsible for its finances, including signing the business checks. Claimant sets his own hours and manages his work. Employer employs one other person, who is Claimant's son.

Claimant testified that in March of 2020, Employer was required to close its business in response to the Governor's Executive Order closing all businesses deemed to be non-life-sustaining. Employer's glass tinting business was

---

[3] On March 19, 2020, because of COVID-19, Governor Wolf issued an Executive Order temporarily closing all businesses deemed to be non-life-sustaining. *See Friends of Danny DeVito v. Wolf*, 227 A.3d 872, 878-79 (Pa. 2020).

[4] The fact that Claimant contributed to the Unemployment Compensation Fund did not preclude the denial of benefits, "since there is no quid pro quo between employer contributions and eligibility for benefits." *Sam v. Unemployment Compensation Board of Review*, 528 A.2d 1067, 1068 (Pa. Cmwlth. 1987). Additionally, the Harrisburg UC Service Center issued a Notice of Determination of Overpayment of Benefits, finding that Claimant was overpaid for the weeks of March 28, 2020, through May 2, 2020, and that a non-fault overpayment was established. Certified Record at 23 (C.R. __). The UC Service Center advised Claimant that he was not liable to repay this overpayment. *Id*.

not deemed life-sustaining and, thus, not exempt from the Governor's order. After waiting a week, Claimant applied for unemployment compensation benefits effective March 28, 2020. Once businesses were allowed to reopen in May, Claimant contacted the UC Service Center and explained that he no longer needed benefits. His final benefit payment was made for the claim week ending May 2, 2020. Claimant also testified that Employer received "some stimulus money," which he used to pay rent, utilities, and "everything [that] was behind." Notes of Testimony, 3/3/2021, at 6 (N.T. __); C.R. 53. Additionally, Employer received some money for "payroll protection." *Id*.

Claimant disputed being "free from direction or control in the performance of his job." N.T. 7; C.R. 54. He explained that he had to close his business pursuant to the Governor's Executive Order "unless [he wanted] to break the law[.]" N.T. 7; C.R. 54. Additionally, Claimant testified that he was also "concerned about [his] health." *Id*. He explained that, at his shop, customers appeared in person and that he had underlying health conditions, so he needed to take "this whole COVID thing very seriously." *Id*.

Following the hearing, the Referee issued a decision concluding that Claimant was ineligible for benefits pursuant to Section 402(h) of the Law. In so holding, the Referee made the following findings of fact:

> 2. [Claimant] owns and operates a business titled Trek Enterprises since 1982.
>
> 3. [Claimant] is the Owner/Operator of the business.
>
> 4. [Claimant] has a 100% share in the business.
>
> 5. [Claimant] makes all the business decisions.
>
> 6. [Claimant] can hire and fire employees.

3

7.      [Claimant] signs the checks for the business.[5]

8.      [Claimant] orders the supplies for the business.

9.      [Claimant] is responsible for the finances of the business.

10.     [Claimant] has substantial control over the day-to-day operations of the corporation.

Referee Decision at 1-2, Findings of Fact Nos. 2-10; C.R. 57-58.

The Referee explained that, under Section 402(h) of the Law, an employee is ineligible for unemployment compensation for any week in which "he is engaged in self-employment[.]"  43 P.S. §802(h).  Claimant exercised a great degree of control over the day-to-day affairs of the business, and his own testimony established that he was an integral part of the business.  For these reasons, the Referee found that Claimant was self-employed and not eligible for benefits.

Additionally, Section 804(b)(1) of the Law provides for future recoupment in the event that a claimant has received benefits "other than by reason of his fault."  43 P.S. §874(b)(1).[6]  Here, Claimant received a total of $1,014 in unemployment compensation benefits to which he was not entitled because he is considered self-employed.  Finding Claimant not at fault for this event, the Referee held Claimant liable for recoupment against future benefits under Section 804(b) of the Law.

---

[5] In Finding of Fact No. 7, the Referee stated that Claimant "signs all the checks and makes business."  To correct what appears to be a typo, the Board changed Finding of Fact No. 7 to "[Claimant] signs the checks for the business."  Board Adjudication, 5/7/2021, at 1; C.R. 72.

[6] Section 804(b)(1) provides that any person who, other than by reason of his fault, has received any unemployment benefits to which he was not entitled shall not be liable for repayment, but shall be liable to have such sum deducted from any future compensation payable to him within the same benefit year, or the three-year period immediately following the benefit year.  43 P.S. §874(b)(1).

Claimant appealed to the Board, and it affirmed the Referee. The Board observed that although ineligible for benefits under the Law, Claimant may be eligible for Pandemic Unemployment Assistance.[7] Claimant now petitions this Court for review.

On appeal,[8] Claimant raises four issues, which we combine into three for clarity. First, he argues that he was not free from direction or control because the Governor ordered his business to close due to COVID-19. Second, he argues that being self-employed does not render him ineligible for benefits under Section 402(h) of the Law. Third, Claimant argues that he had a necessitous and compelling reason to leave employment, which renders him not ineligible under Section 402(b) of the Law.[9]

First, Claimant argues that he was not free from direction or control because he had to comply with the Governor's Executive Order. In response, the Board argues that Claimant is still self-employed even though he did not choose to close his business because he exercised a substantial degree of control over his business before its closure.

---

[7] Pandemic Unemployment Assistance "provides up to 79 weeks of benefits to qualifying individuals who are otherwise able to work and available for work within the meaning of applicable state law, except that they are unemployed, partially unemployed, or unable or unavailable to work due to COVID-19-related reasons[.]" Pennsylvania's Pandemic Unemployment Assistance Portal, https://pua.benefits.uc.pa.gov/vosnet/Default.aspx (last visited March 11, 2022).

[8] This Court's review determines whether constitutional rights were violated, whether errors of law were committed, or whether the findings of fact were supported by substantial evidence. *Sheets v. Unemployment Compensation Board of Review*, 708 A.2d 884, 885 n.3 (Pa. Cmwlth. 1998).

[9] Section 402(b) of the Law states that an employee is ineligible for benefits when his unemployment is due to voluntarily terminating his employment without a necessitous and compelling reason. 43 P.S. §802(b).

Section 402(h) of the Law provides that an employee shall be ineligible for compensation for any week in which he is engaged in self-employment. Self-employment is not defined in the Law. However, Section 4(*l*)(2)(B) of the Law defines employment as follows:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that--(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. §753(*l*)(2)(B). In short, the Pennsylvania Supreme Court has stated that "the proper test is whether the employee 'exercises a substantial degree of control over the corporation;' if so, he is a businessman and not an employee." *Starinieri v. Unemployment Compensation Board of Review*, 289 A.2d 726, 728 (Pa. 1972).

In unemployment cases, the Board is the ultimate factfinder, empowered to make all determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1385 (Pa. 1985). The Board's factual findings are conclusive on appeal where the record contains substantial evidence to support them. *Brannigan v. Unemployment Compensation Board of Review*, 887 A.2d 841, 843 (Pa. Cmwlth. 2005).

The record evidence here establishes that Claimant, as president, exercised substantial control over Employer. He owns 100% of the business, makes all of the decisions for the business, signs the checks, is responsible for the business's finances and handles the day-to-day operations of the business. Additionally, Claimant sets his own hours. The Board's findings, based on information supplied

6

by Claimant, demonstrate that Claimant exercised substantial control over Employer. Therefore, Claimant is a self-employed businessman and not an employee. *Starinieri,* 289 A.2d at 728.

Claimant's control over Employer was not diminished by the Governor's Executive Order temporarily closing non-life-sustaining businesses due to COVID-19. In *Unemployment Compensation Board of Review v. Miller*, 346 A.2d 367 (Pa. Cmwlth. 1975), the claimant had been the president, director, and sole stockholder of a company for four years. On February 22, 1974, the Internal Revenue Service seized all the assets of the corporation and subsequently sold them at public sale. Thereafter, the claimant applied for unemployment benefits, listing the corporation as his employer. The Board denied him benefits. On appeal, the claimant argued that since his corporation was forced out of business involuntarily, he should not be precluded from receiving benefits under the Law. This Court was unpersuaded, explaining that "the test is simply whether or not the claimant 'exercises a substantial degree of control over the corporation.' [*Starinieri*, 289 A.2d at 728]. If so, he is a businessman and is ineligible for benefits." *Miller*, 346 A.2d at 369. Here, as in *Miller*, Claimant exercised a substantial degree of control over Employer notwithstanding that the business had to involuntarily close for two months due to the COVID-19 pandemic.

In summary, Claimant exercised a substantial degree of control over Employer and, thus, he is ineligible for benefits under Section 402(h) of the Law. The Governor's Executive Order is irrelevant to the analysis of whether a sole shareholder and president of a corporation is self-employed for purposes of determining eligibility for unemployment benefits.

7

In his second issue, Claimant argues that notwithstanding his self-employment, he was eligible for unemployment compensation benefits. Claimant explains that, under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act),[10] persons who are self-employed were made eligible for unemployment compensation benefits provided that they are able and available to work, but are unable to work because their place of employment is closed as a direct result of COVID-19.

The CARES Act created a new temporary federal program called Pandemic Unemployment Assistance (Pandemic Assistance) that provides benefits to those individuals not eligible for regular unemployment compensation, including individuals who are self-employed. *See* U.S. DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE PROGRAM LETTER NO. 16-20 (April 5, 2020), https://wdr.doleta.gov/directives/attach/UIPL/UIPL_16-20_acc.pdf (last visited March 11, 2022). Pandemic Assistance is provided to all persons who are unable to work due to specified COVID-19 related reasons, including that the individual's place of employment closed as a direct result of the COVID-19 public health emergency. *Id.* This would include Claimant.

However, the fact that Claimant may be eligible for Pandemic Assistance does not affect his eligibility for unemployment compensation benefits under Section 402(h) of the Law, as Claimant believes. As explained above, Claimant's substantial control over his business rendered him self-employed and ineligible for unemployment compensation benefits under Section 402(h). Nevertheless, Claimant may be eligible for Pandemic Assistance, but that requires a separate application. *See* PENNSYLVANIA DEPARTMENT OF LABOR & INDUSTRY,

---

[10] 15 U.S.C. §9023(b)(1).

8

PANDEMIC UNEMPLOYMENT ASSISTANCE (PUA) PORTAL FOR CLAIMANTS, https://pua.benefits.uc.pa.gov/admin/gsipub/htmlarea/uploads/Pandemic_Unemplo yment_Assistance_(PUA)_Portal_Claimants_Guide.pdf (last visited March 11, 2022).

In his third issue, Claimant argues that he is eligible for benefits under Section 402(b) of the Law because he had a necessitous reason for voluntarily leaving employment.[11] This issue is raised in the Statement of Questions Presented portion of Claimant's brief but not included in the Argument section of the brief, as required by PA.R.A.P. 2119(a).[12] It is well established that a party's failure to develop an issue in a brief constitutes waiver of the issue. *Berner v. Montour Township*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015). Therefore, we will not consider Claimant's argument with respect to Section 402(b) of the Law.

For the foregoing reasons, we affirm the adjudication of the Board.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[11] *See supra* note 9.

[12] It states: "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." PA.R.A.P. 2119(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph L. Sindoni,             :
          Petitioner       :
                            :
          v.             :       No. 621 C.D. 2021
                            :
Unemployment Compensation  :
Board of Review,          :
          Respondent   :

# **O R D E R**

AND NOW, this 14th day of March, 2022, the May 7, 2021, adjudication of the Unemployment Compensation Board of Review is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita